[No. A079667. First Dist., Div. One. May 22, 1998.]

20TH CENTURY INSURANCE COMPANY et al., Plaintiffs and
Appellants, v.
CHARLES QUACKENBUSH, as Insurance Commissioner, etc., Defendant
and Respondent.

COUNSEL

Thelen, Marrin, Johnson & Bridges, Gary L. Fontana and Mary E. Wilcox for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, Paul D. Gifford and Gerald A. Engler, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**STEIN, Acting P. J.**—20th Century Insurance Company and 21st Century Casualty Company appeal from a judgment sustaining a demurrer to their petition for writ of mandate. The trial court held that Charles Quackenbush, the Commissioner of Insurance of the State of California (Commissioner) did not exceed his statutory authority when he publicly disseminated his response to a homeowner's inquiry concerning the application of the statute of limitations to claims for damage caused by the 1994 Northridge earthquake.

FACTS

On April 28, 1997, the Commissioner replied by letter to an inquiry from attorneys for a homeowner named Barbara Shugar requesting his interpretation and opinion regarding the applicable limitations period for submitting earthquake damage claims arising out of the 1994 Northridge earthquake (Shugar letter). Shugar is insured by 20th Century Insurance Company and 21st Century Casualty Company (collectively 20th Century), and sued 20th Century after it denied her earthquake claims as untimely. The Commissioner also issued a press release stating that the Commissioner had "ruled in favor of homeowners hit by the 1994 Northridge earthquake by issuing a legal opinion." Both the Shugar letter and the press release stated that the Commissioner had received many complaints that insurers had denied claims for damage which homeowners discovered more than a year after the Northridge earthquake.

On June 11, 1997, 20th Century filed a petition for alternative and peremptory writ of mandate. The petition sought a peremptory writ directing the Commissioner "to rescind officially and publicly" the Shugar letter, and "to cease and desist from further dissemination of the Shugar opinion, and to cease and desist from the issuance of any additional letter opinions to private parties or to the public at large regarding matters relating to claims arising from the Northridge earthquake that are or may become at issue in pending or prospective litigation." The petition alleged that, by issuing the Shugar letter, the Commissioner had exceeded the statutory authority of his office. (1)[See fn. 1.] It further alleged that 20th Century was "particularly aggrieved, because the Shugar letter will induce "policyholders who rely on the Commissioner's erroneous legal conclusions" to seek to revive stale claims that 20th Century has "properly denied under the terms and conditions of their policies."[1]

On July 22, 1997, the court sustained the Commissioner's demurrer without leave to amend. The court found the Commissioner's actions were

---

[1]When reviewing an order sustaining a demurrer, we must presume the truth of all material facts alleged in the complaint. (*Sklar* v. *Franchise Tax Board* (1986) 185 Cal.App.3d 616, 621 [230 Cal.Rptr. 42].) Argumentative allegations, and conclusions of law, are not, however, presumed true. (*Id.* at p. 621.) The allegations of the petition that the opinions the Commissioner expressed in the Shugar letter are erroneous fall in the latter category, and this court, by quoting the allegation, does not express any opinion regarding the Commissioner's legal conclusions. The question whether the Commissioner correctly analyzed the legal issues discussed in the Shugar letter is irrelevant to the question before this court, which is whether the Commissioner exceeded his statutory authority by responding to Shugar's inquiry, and by publicizing that response.

authorized by Insurance Code[2] section 12921.3. On July 31, 1997, the court entered judgment in the Commissioner's favor, and 20th Century filed this appeal that same day.

ANALYSIS

■ An administrative agency or official may exercise only those powers conferred by statute. (*Fireman's Fund Ins. Companies* v. *Quackenbush* (1997) 52 Cal.App.4th 599, 605 [60 Cal.Rptr.2d 732].) It is also " ' "well settled in this state that [administrative] officials may exercise such additional powers as are necessary for the due and efficient administration of powers expressly granted by statute or as *may fairly be implied* from the statute granting the powers." ' " (*Calfarm Ins. Co.* v. *Deukmejian* (1989) 48 Cal.3d 805, 824 [258 Cal.Rptr. 161, 771 P.2d 1247].)

■ 20th Century, as the petitioner, bears the burden of demonstrating a clear, present and ministerial duty which the Commissioner failed to perform, or performed in an unauthorized manner, and that it had a beneficial right to the performance of that duty. (See *Helena F.* v. *West Contra Costa Unified School Dist.* (1996) 49 Cal.App.4th 1793, 1799 [57 Cal.Rptr.2d 605].) The trial court found the petition failed to state a cause of action because section 12921.3 is statutory authority for the Commissioner's issuance of the Shugar letter and its dissemination to the general public. (4)[(See fn. 4.)] 20th Century contends the court's interpretation of section 12921.3 cannot be reconciled with sections 12921.4 and 12921.1, which it contends limit the manner in which the Commissioner may respond to inquiries. 20th Century further contends, for the first time on appeal,[3] that the petition also states a cause of action on the theory that the Commissioner's actions violated the constitutional principle of separation of powers.

1. *Statutory Authority*

■ Section 12921.3 provides: "The commissioner, in person or through employees of the department, shall receive complaints and inquiries . . . and respond to complaints and inquiries by members of the public concerning the handling of insurance claims. . . . [¶] The commissioner, as he or she deems appropriate, and pursuant to Section 12921.1, shall provide for the education of, and dissemination of information to, members of the general public or licensees of the department concerning insurance matters."

---

[2]All subsequent statutory references are to the Insurance Code unless otherwise indicated.

[3]When a demurrer is sustained without leave to amend the petitioner may advance on appeal a new legal theory why the allegations of the petition state a cause of action. (See *Economic Empowerment Foundation* v. *Quackenbush* (1997) 57 Cal.App.4th 677, 684, fn. 5 [67 Cal.Rptr.2d 323].)

Section 12921.3 expressly grants the Commissioner the authority to "respond to complaints and inquiries by members of the public concerning the handling of insurance claims . . . ." The second sentence further grants the Commissioner broad discretionary power to disseminate information to the public concerning insurance matters. The Shugar letter was issued in response to an inquiry from a homeowner, and concerned an issue regarding the handling of insurance claims common to many other victims of the Northridge earthquake, and of interest to members of the general public. Therefore, section 12921.3, on its face, authorizes the Commissioner to respond to Shugar's inquiry with his interpretation and analysis of the issues presented. At a minimum, the power of the Commissioner to respond with a letter offering his views on the timeliness of a claim, based upon an assumed set of facts presented in Shugar's letter, and the power to publicize it, "may fairly be implied" from the express grant of authority to respond to inquiries, and to disseminate information to the public concerning the handling of insurance claims. (See *Calfarm Ins. Co.* v. *Deukmejian, supra,* 48 Cal.3d 805, 824.)

20th Century argues that section 12921.3 cannot reasonably be interpreted as authorizing the Commissioner's actions in this case, because issuance of the Shugar letter is "entirely inconsistent" with the express prohibition in section 12921.4 denying the Commissioner the "power to adjudicate claims." (See *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323]; § 12921.4, subd. (a).) The assertion that the Commissioner had somehow adjudicated Shugar's claim fails because, despite the rhetoric of the Commissioner's press release, the views expressed by the Commissioner in the Shugar letter are not binding on the court in which Shugar's litigation is pending, and 20th Century is not precluded from fully litigating in that forum or in litigation with any other policyholder the question whether an insurance claim is timely and whether the Shugar letter is admissible for any purpose. The petition does not allege, and could not truthfully be amended to allege, that 20th Century has lost any of the judicial rights and remedies otherwise available to it as a result of the letter.[4] We therefore find nothing inconsistent between the conclusion that issuance of the Shugar letter was authorized by section 12921.3 and the specification in section 12921.4 that the Commissioner does not have the power to adjudicate claims.

Nor does section 12921.1 limit the methods the Commissioner may use to respond to inquiries received pursuant to section 12921.3, or to disseminate information to the public. To the contrary, section 12921.1 provides that the

---

[4]The Commissioner conceded below and on appeal that his letter has no binding effect on 20th Century, or any other parties to litigation against 20th Century.

Commissioner's program for investigating complaints and responding to inquiries, "shall include, *but not be limited to*," (italics added) a toll-free telephone number, public announcements of the number, and informing the public how to file a complaint or make an inquiry, compilations of data concerning the complaint record of particular insurers, among other methods.

20th Century further contends that, even if the Commissioner has the power to express his views regarding the handling of insurance claims in a letter responding to an inquiry, at a minimum, he cannot do so when the matter is the subject of pending litigation. 20th Century does not cite any language in section 12921.3 or any other statute imposing such a limitation. The suggested analogy between the Commissioner's action in this case and the issuance of an opinion of the Attorney General, which is not provided if the issue is the subject of pending litigation, fails for two reasons: First, unlike the Shugar letter expressing the views of the Commissioner, an opinion of the Attorney General is legally persuasive authority (*Bell Gardens Bicycle Club* v. *Department of Justice* (1995) 36 Cal.App.4th 717, 741, fn. 6 [42 Cal.Rptr.2d 730]) and therefore may affect the outcome of the litigation. Second, the restriction on issuance of an Attorney General opinion when the issue is the subject of pending litigation is not imposed by statute or any other law. Rather, it is a matter of self-imposed policy, and does not restrict the statutory powers of the Commissioner, a completely different public official, or agency.

## 2. *Separation of Powers*

20th Century alternatively advances the theory that the facts alleged in the petition establish that issuance of the Shugar letter violates the constitutional principal of separation of powers. ■ An administrative officer or agency may exercise quasi-judicial or legislative powers if those powers are clearly defined by the Legislature and subject to judicial review. (See *California Radioactive Materials Management Forum* v. *Department of Health Services* (1993) 15 Cal.App.4th 841, 870 [19 Cal.Rptr.2d 357].) ■ 20th Century reasons that the Shugar letter invades the power of the judiciary to interpret section 2071, a statute enacted by the Legislature. (See *City of Santa Cruz* v. *Superior Court* (1995) 40 Cal.App.4th 1146, 1153 [48 Cal.Rptr.2d 216].) Yet, the Commissioner's opinion is not subject to judicial review pursuant to section 12940, because the Commissioner has no authority to enforce his opinion on how section 2071 should be applied. Nor, it contends, is the Commissioner's opinion expressed in the Shugar letter subject to review under the Administrative Procedure Act (Gov. Code, § 11340 et seq.) because the Commissioner did not adopt any departmental regulations governing this issue.

It is precisely because the Commissioner has not attempted to enforce his interpretation of section 2071 in any binding adjudication of Shugar's claim against 20th Century, nor promulgated any departmental regulation purporting to implement his interpretation of section 2071, that the petition fails to state a claim for mandamus relief on the theory that the issuance of the Shugar letter violates the principle of separation of powers. Absent such administrative enforcement or promulgation of regulation, the Commissioner's actions simply do not involve the exercise of any quasi-judicial or legislative powers. The issue of how to interpret and apply section 2071 is left to the courts, and 20th Century is free to advocate in that forum for the interpretation and application it deems to be correct, and obtain a legally binding adjudication of the issues addressed in the Shugar letter. 20th Century's judicial remedies, including the right of judicial review, are not impinged upon, in any way, by the Commissioner's actions.

## CONCLUSION

The judgment is affirmed. Costs to respondent.

Dossee, J., and Swager, J., concurred.